**UNITED STATES of America,**
**Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVA-**
**NIA, Defendant.**

**Civ. No. 8051.**

United States District Court
M. D. Pennsylvania.

July 30, 1963.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for plaintiff.

Walter E. Alessandroni, Atty. Gen., John Stevens, Deputy Atty. Gen., Paul E. Waters, B. Fred Steinrock, Asst. Attys. Gen., Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

This matter is before the Court on motion of defendant for summary judgment and plaintiff's cross-motion for summary judgment.

The facts which appear from the Complaint and affidavit filed on behalf of plaintiff and which are not disputed are as follows:

By letter of October 9, 1945, the Chairman of the United States Surplus Property Board was asked, by C. M. Woolworth, Secretary of Property and Supplies of the Commonwealth of Pennsylvania, to supply the contemplated land-based Pennsylvania Maritime Academy with equipment necessary for its operation. On September 17, 1946, the Commonwealth, through its engineering representative, forwarded a list of the said required equipment, which in due course was transferred to the Commonwealth by the United States.

By letter dated August 15, 1947, the United States made demand upon the Commonwealth for return of the property transferred since it was not used in connection with the training of cadet-midshipmen at the Pennsylvania Maritime Academy, which Academy was never completed.

By letter dated June 25, 1948, the said Commonwealth Secretary of Property and Supplies advised Admiral Telfair Knight, Comm. U.S.M.C., that the tools and other items contained in the ship-

ments of surplus property were lent to various State agencies, and thus they could not be returned. This letter also stated that construction of the Pennsylvania Maritime Academy had been suspended.

By Public Law 630, 79th Congress, approved August 7, 1946 (60 Stat. 884), Congress authorized the War Shipping Administration and the Maritime Commission to make available certain surplus property to certain maritime academies. The Act provided:

"That the War Shipping Administration and the Maritime Commission are authorized to make available or transfer to any State or municipality maintaining a marine school or nautical branch in accordance with the Act of July 29, 1941 (Public Law 191, Seventy-seventh Congress, 55 Stat. 607), excess or surplus material, supplies, and equipment for use in connection with the teaching and training of cadet-midshipmen, at such ports or other localities as may be designated by such State, without charge except for transportation and delivery of such material, supplies, or equipment."

Prior to the enactment of said Public Law 630, in 1945, the Pennsylvania Legislature appropriated $2,000,000.00 toward a permanent land-based maritime academy. The above requisition for equipment was made by the Commonwealth in anticipation of the enactment of said Public Law 630.

Between September and December 1946, after approval by the United States of the said list submitted on behalf of the Commonwealth, the United States, as above indicated, made the property available to the land-based maritime academy for the specific use authorized by the Act and transferred title to said property to the Commonwealth, same valued at not less than $500,084.21.

In January or February 1947, the Pennsylvania State Legislature refused to appropriate additional funds for completion of the said land-based maritime academy building, and in May 1947 the Pennsylvania State Senate passed a bill, and sent it to the House for its concurrence, authorizing the closing of the maritime academy and the said academy ceased to function after May 1947.

The Complaint alleges that the property in question was delivered to the Commonwealth and title thereto was transferred by the United States for " 'use in connection with the teaching and training of cadet-midshipmen' "; that a very minor part, if any, of said property has ever been used by the Commonwealth for the purpose for which it was so delivered; that the Commonwealth agreed to use the property for that purpose; that the War Shipping Administration and Maritime Commission were unauthorized, as the Commonwealth knew, to deliver property to the Commonwealth for any other purpose, and the agreement of the Commonwealth to use the property for that purpose was an essential condition of plaintiff's delivering the property to defendant; that demand had been made by the United States for return of said property and equipment, which demand has been refused.

Defendant has based its motion for summary judgment on the Act of June 3, 1955, Public Law 61, 84th Congress, 69 Stat. 84 (set forth at 40 U.S.C. § 484 in historical note), which provides:

"Sec. 4. (a) In the case of personal property donated or sold at a discount for educational, public health or memorial purposes, including research, under any provision of law enacted prior to the enactment of the Federal Property and Administrative Services Act of 1949, no term, condition, reservation, or restriction imposed on the use of such property shall remain in effect after the date of the enactment of this Act. This subsection shall not be deemed to terminate any civil or criminal liability arising out of a violation of such a term, condition, reservation, or restriction which occurred prior to the enactment of this Act, if a judicial proceeding to en-

force such liability is pending at the time of, or commenced within one year after the enactment of this Act."

The repealing Act of 1955, phrased as it is in broad terms, is a general statute using broad generic terms as, "educational," "public health," "research", while the Act of 1946 referred only to "the teaching and training of cadet-midshipmen", unquestionably special in its format, content and purpose.

■ It is well settled law with relation to statutory construction that a later general statute will not be held to repeal by implication a prior special statute. Ex parte Crow Dog, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030 (1883); Commissioner of Internal Revenue v. Bilder, 3 Cir., 289 F.2d 291, 303 (1961); Commissioner of Internal Revenue v. Rivera's Estate et al., 2 Cir., 214 F.2d 60, 62 (1954).

In Rodgers v. United States, 185 U.S. 83, 87–88, 22 S.Ct. 582, 583, 46 L.Ed. 816 (1902), the Court held:

"It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. In other words, where there are two statutes, the earlier special and the later general—the terms of the general broad enough to include the matter provided for in the special— the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special. * * * "

In addition thereto, the Act of August 7, 1946 (60 Stat. 884) was expressly repealed by the Act of October 31, 1951 (65 Stat. 704). Of course, this repeal does not affect the right of the United States to maintain this action. Under 1 U.S.C. § 109 the repeal of a statute does not have the effect of releasing or extinguishing any penalty, forfeiture or liability incurred under such statute unless the repealing act so expressly provides, and the repealed statute shall be treated as still in effect for the purpose of sustaining any proper action for enforcement of such penalty, forfeiture or liability.

Certainly the conditions imposed on the use of the property donated to defendant were never expressly repealed or abrogated by the donor.

From the fact that the Act of 1946 was expressly repealed four years prior to the enactment of the Act of 1955, it would follow that the Congress could not have had the Act of 1946 in mind when considering the Act of 1955. In addition thereto, evidence of the Congressional state of mind is found in the report of the hearings on the bill before the Special Committee on Donable Property of the Committee on Government Operations of the House of Representatives, 84th Congress, 1st Session, February 15, 1955. At the opening of the hearing a list was made of the various public laws which would be affected by the bill and the Act of 1946 was not included in the list.

■ I am of the opinion that the Congress when considering the enactment of the Act of 1955 never intended its provisions to apply to property transferred pursuant to the authorization granted by the Act of 1946, that Act ceased to exist five years prior thereto.

Finally, defendant's disposal of the property in question occurred prior to the Act of 1955.

Motion of defendant for summary judgment will be denied.

■ At the present time there are not sufficient admitted facts before the Court upon which the Court would be justified in acting on cross-motion of plaintiff for summary judgment; accordingly said motion will be denied.